UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jay W. Lammers,** | **Civil No. 06-1099 (PJS/JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **American Express Long Term Disability Benefit Plan and Metropolitan Life Insurance Company,** | |
| Defendants. | |

The above matter came before this Court on May 15, 2007, on Defendant Metropolitan Life Insurance Company's motion for summary judgment (Doc. No. 10) and on Plaintiff's cross-motion for summary judgment (Doc. No. 13). Mark M. Nolan appeared on behalf of Plaintiff Jay W. Lammers. Doreen A. Mohs appeared on behalf of Defendant Metropolitan Life Insurance Company. The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and D. Minn. LR 72.1(b).

I.   BACKGROUND

As employee of American Express Financial Advisors, Plaintiff Jay W. Lammers participated in a long-term disability (LTD) insurance plan (the Plan) administered by Defendant Metropolitan Life Insurance Company (MetLife). The Plan is an employee benefit plan covered by the Employee Retirement Income Security Act (ERISA). Mr. Lammers brings this action under ERISA seeking review of MetLife's decision to deny him LTD benefits under the Plan.

American Express employed Mr. Lammers as a senior agent. (AR 78.)[1]  During that time, Mr. Lammers reported experiencing severe headaches, peripheral neuropathy, and depression. (AR 285.) Mr. Lammers stopped working at American Express in April 2003. (AR 90.) He subsequently received short-term disability benefits (STD) (called Salary Continuation Benefits by MetLife) from August 1, 2003 until September 23, 2003. (AR 72-77; AR 405-406; AR 359.)

On October 20, 2003, Met Life informed Mr. Lammers that he was no longer eligible for STD effective September 23, 2003. (AR 268-269.) Mr. Lammers appealed this decision. (AR 260.) On January 21, 2004, MetLife informed Mr. Lammers that his STD appeal was denied. (AR 248.)

In September 2004, Mr. Lammers applied for LTD benefits from the Plan. (AR 45-46.) On November 17, 2004, MetLife denied his claim and advised Mr. Lammers of his right to appeal its denial. (AR 147.)

Mr. Lammers appealed MetLife's denial of his LTD application by letter dated April 4, 2005. (AR 141.) Attached to his appeal letter was the Social Security Administration's notice to Mr. Lammers that he had been awarded Social Security disability benefits. (AR 142.)

---

[1] The Court cites the administrative record of Mr. Lammers' LTD claim as "AR __." The administrative record is attached as Exhibit A to the Affidavit of Doreen A. Mohs in Support of Metropolitan Life Insurance Company's Motion for Summary Judgment. The Court notes that it did not consider the summary of Mr. Lammers' medical visits submitted as Ex. A to the Affidavit of Mark M. Nolan in Support of Motion for Summary Judgment. This summary is not part of the administrative record and, therefore, cannot be considered here absent a showing of good cause, which has not been made. *Norris v. Citibank, N.A. Disability Plan*, 308 F.3d 880, 884 (8th Cir. 2002); *King v. Hartford Life & Accident Ins. Co.,* 414 F.3d 994, 998 (8th Cir. 2005) (en banc). Additionally, Plaintiff's failure to observe the Local Rules regarding the maximum words allowed in his memoranda of law did not affect the Court's recommendations.

After Mr. Lammers filed his LTD appeal, MetLife requested that two physicians review Mr. Lammers' medical records. These physicians, Dr. David Johnson, Board Certified in Physical Medicine and Rehabilitation, and Dr. Jack Rothberg, Board Certified in Psychiatry, reviewed Mr. Lammers' medical records and concluded that they did not support Mr. Lammers' inability to work. (AR 112-116; 118-122.)

On May 2, 2005, MetLife denied Mr. Lammers' LTD appeal. (AR 89-92.) MetLife explicitly relied on the conclusions of Drs. Johnson and Rothberg in its denial letter to Mr. Lammers. (AR 90-91.) MetLife did not provide Mr. Lammers with a copy of the reports prepared by Drs. Johnson and Rothberg before it issued its final LTD denial decision or allow Mr. Lammers to respond to those reports during the LTD appeal process.

Mr. Lammers subsequently filed the instant lawsuit alleging that the Plan denied him LTD benefits in violation of ERISA. *See* 29 U.S.C. § 1132(a)(1)(B).

## II.  ANALYSIS

Mr. Lammers and MetLife bring cross-motions for summary judgment. Mr. Lammers contends that MetLife violated ERISA by failing to provide a full and fair review of his LTD appeal and that MetLife's LTD denial was unsupported by substantial evidence. MetLife contends that it provided Mr. Lammers a full and fair review of its LTD denial and that its decision to deny Mr. Lammers LTD benefits was reasonable.

### A.  Summary Judgment Standard

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

3

matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. *See Celotex*, 477 U.S. at 322; *Mems v. City of St. Paul Dep't of Fire & Safety Servs.*, 224 F.3d 735, 738 (8th Cir. 2000). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995). The Court views the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. *See Graves v. Ark. Dep't of Fin. & Admin.*, 229 F.3d 721, 723 (8th Cir. 2000); *Calvit v. Minneapolis Pub. Schs.*, 122 F.3d 1112, 1116 (8th Cir. 1997).

      **B.**      **Plaintiff's Motion for Summary Judgment**

An employee benefit plan subject to ERISA must:

> [A]fford a reasonable opportunity to any participant whose claim for benefits has been denied for a *full and fair review* by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133(2) (emphasis supplied). An ERISA plan's claims procedures will not be deemed to provide the requisite "full and fair review" unless, *inter alia*, a claimant is provided "upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii).

    Mr. Lammers contends that MetLife denied him "a full and fair review" by failing to allow him to respond to the medical reports Drs. Johnson and Rothberg prepared before MetLife's final decision on his LTD appeal. MetLife responds that it was not required to disclose the medical reports to Mr. Lammers

4

before its final LTD decision.

In *Abram v. Cargill, Inc.*, 395 F.3d 882, 886 (8th Cir.), *reh'g en banc denied* (March 22, 2005), the court dealt with precisely this issue. In that case, just as here, an ERISA plan denied a claimant the opportunity to respond to a physician review conducted after the claimant had filed her appeal for benefits. The court squarely held that ERISA's "full and fair review" requirement mandates that an ERISA plan disclose an appeal-level physician report to a claimant prior to the plan's final decision on the claimant's benefit appeal. *Id.* The court emphasized that knowing and responding to the evidence upon which the plan relies are "persistent core requirements" of full and fair review, stating, "There can hardly be a meaningful dialogue between the claimant and the Plan administrators if evidence is revealed only after a final decision." *Id.* Accordingly, the court reversed the district court's decision upholding the denial of benefits and remanded to the insurer to permit the claimant an opportunity to respond to the insurer's physician report. *Id.* at 888.

In *Harris v. Aetna Life Ins. Co.*, 379 F. Supp.2d 1366, 1373-74 (N.D. Ga. 2005), the court, relying on *Abram*, reached the same conclusion, holding that two physician reports prepared after an ERISA plan claimant filed his benefits appeal should have been disclosed to him prior to the final appeal decision.

More recently, in *White v. Reliance Standard Life Ins. Co.*, No. 1:05-CV-2149-WSD, 2007 WL 187939, *8 (N.D. Ga. Jan. 22, 2007) (slip op.), the court held the same, reasoning:

> Like in *Abram* and *Harris*, the observations of Defendant's medical examiner ... were submitted after Plaintiff's opportunity to present evidence on appeal had closed and appear to have been integral in Defendant's decision to deny benefits. The Court finds that Defendant's failure to provide Plaintiff an opportunity to respond to ... [the medical]

5

>report is inconsistent with the goal of "meaningful dialogue" between the parties and hampered the necessary exchange of information required for a full and fair review.

As in *Abram* and *Harris*, the court in *White* remanded the case, ordering the defendant to reopen the administrative file and allow the claimant to respond to the appeal-level medical report. *Id.* at *10. *See also Abram*, 395 F.3d at 888; *Harris*, 379 F. Supp.2d at 1374.

*Rouse v. UNUM Life Ins. Co. of America*, No. Civ. 04-1090 (JNE/RLE), 2005 WL 2000181, *9 (D. Minn. Aug. 18, 2005), presents a slight factual twist but arrives at the same conclusion. In that case, the court held that a plan's failure to allow a claimant to respond to an appeal-level financial analysis upon which the plan relied to deny his benefits appeal denied him a full and fair review for the same reasons set forth in *Abram*. *Id.*

The process MetLife used to consider Mr. Lammers' LTD appeal violated ERISA's full and fair review requirement. Just as in *Abram* and its progeny, MetLife improperly denied Mr. Lammers the opportunity to review and respond to its appeal-level physician reports. MetLife relied on these reports to deny Mr. Lammers' LTD appeal, but only informed Mr. Lammers of them in its final LTD denial letter. This process was not the "meaningful dialogue" between plan and claimant contemplated by ERISA. *See Abram*, 395 F.3d at 886 ("A claimant is caught off guard when new information used by the appeals committee emerges only with the final denial.") (citation omitted).

MetLife's attempt to sidestep the *Abram* line of cases is unpersuasive. It urges the Court to follow Tenth Circuit precedent, *Metzger v. UNUM Life Ins. Co. of America*, 476 F.3d 1161 (10th Cir. 2007), rather than the Eighth Circuit Court of Appeals' *Abram* decision. *Metzger* is not controlling authority here. In *Metzger*, the court held that an ERISA plan was not required to disclose an appeal-level physician

6

report to a claimant prior to the plan's final benefit decision, because to do so would create a lengthy cycle of submission and review, prolonging the appeals process. *Id.* at 1166. Inefficiency concerns, however, cannot surmount ERISA's full and fair review mandate. *See Harris*, 379 F. Supp.2d at 1373.

Moreover, the Court rejects *Metzger's* attempt to distinguish *Abram*. In *Metzger*, the court reasoned that 29 C.F.R. § 2560.503-1, a Department of Labor regulation regarding "full and fair review," had been amended to indicate that an ERISA plan must only provide an employee with documents generated during the initial claim denial, not during the appeal stage. *Metzger,* 476 F.3d at 1167 n.3. The *Metzger* court held that, because Abram filed her claim before the regulatory amendment was effective, the *Abram* decision was not persuasive. *Id. Abram*, however, was rooted in ERISA's fundamental "full and fair review" requirement, 29 U.S.C. § 1133(2), and ERISA's core goal of facilitating a fair dialogue between plan and claimant, both of which have remained constant, not on an interpretation of 29 C.F.R. § 2560.503-1.[2]

Moreover, the regulatory language upon which *Metzger* relies, 29 C.F.R. § 2560.503-1(m)(8), requires a plan to disclose documents used in making the "benefit determination." The regulation's plain language, therefore, is not narrowly confined to the *initial* benefit determination, as *Metzger* improperly concludes, but rather requires ERISA plans to disclose relevant documents during any phase of the "benefit determination," including at the appeal level.[3]

---

[2] It is notable that the regulatory amendment relied upon in *Metzger* applied to the plaintiff in *Harris*, but was not considered controlling in that case. 379 F. Supp.2d at 1368, 1373.

[3] Because MetLife denied him the full and fair review of his LTD appeal required by ERISA, the Court need not reach Mr. Lammers' claim that MetLife's LTD denial was unsupported by substantial evidence. The Court notes, however, that the records underlying Mr. Lammers' award of Social Security disability benefits were not contained in the LTD administrative record, despite the fact that MetLife

7

### C.   Defendant's Motion for Summary Judgment

MetLife has filed a motion for summary judgment on the merits of its denial of LTD benefits to Mr. Lammers. It argues that under an abuse of discretion standard, its decision to deny Mr. Lammers LTD benefits was reasonable. Because the Court finds that, as a threshold matter, MetLife denied Mr. Lammers a full and fair review of his LTD appeal, it is recommended that MetLife's motion for summary judgment be denied.

## III.   CONCLUSION

MetLife denied Mr. Lammers the full and fair review of his LTD appeal required by ERISA. The Court, therefore, recommends that Mr. Lammers' motion for summary judgment be granted on this ground and that MetLife's motion for summary judgment be denied.

## IV.   RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

A.   The Plaintiff's motion for summary judgment (Doc. No. 13) be **GRANTED.**

B.   Defendant Metropolitan Life Insurance Company's motion for summary judgment (Doc. No. 10) be **DENIED.**

---

required Mr. Lammers to apply for such benefits in connection with his LTD claim and to execute a release authorizing MetLife to review those records. (AR 193; 197.) Under similar circumstances, MetLife's failure to obtain and review Social Security disability records was held to be misleading and, therefore, a sufficient basis to require MetLife to reconsider a benefits denial decision. *See Harden v. Am. Express Finan. Corp.*, 384 F.3d 498, 500 (8th Cir.), *reh'g and reh'g en banc denied* (Nov. 3, 2004).

C. The case be **REMANDED** to Defendant Metropolitan Life Insurance Company. On remand, Defendant Metropolitan Life Insurance Company shall reopen the administrative record to permit Plaintiff to respond to Defendant Metropolitan Life Insurance Company's physician reports prepared in response to Plaintiff's appeal of the denial of long-term disability benefits.

Dated this 8th day of June, 2007.                              s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by June 28, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.