UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JAY W. LAMMERS, | Case No. 06-CV-1099 (PJS/JJG) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| AMERICAN EXPRESS LONG TERM DISABILITY BENEFIT PLAN and METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendants. | |

---

Mark M. Nolan, NOLAN MacGREGOR THOMPSON & LEIGHTON, for plaintiff.

Doreen A. Mohs, HALLELAND LEWIS NILAN & JOHNSON PA, for defendant Metropolitan Life Insurance Company.

This matter is before the Court on the parties' objections to the Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham filed June 11, 2007. Judge Graham recommends remanding this case to defendant Metropolitan Life Insurance Company ("MetLife") under *Abram v. Cargill, Inc.*, 395 F.3d 882 (8th Cir. 2005). MetLife objects to that recommendation. Plaintiff Jay Lammers agrees with Judge Graham's recommendation, but objects to Judge Graham's failure to recommend that he be awarded interim benefits and attorney's fees. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules the parties' objections and adopts the R&R.[1]

---

[1] Judge Graham recommends granting Lammers's motion for summary judgment. As part of his motion, Lammers argues that he should prevail on his substantive claim for benefits. Because the Court is remanding the case to MetLife, the Court is not making a substantive determination on Lammers's entitlement to benefits. Accordingly, the Court will adopt the

In *Abram*, the plan administrator denied the plaintiff's application for long-term disability benefits. *Abram*, 395 F.3d at 885. The plaintiff appealed, and submitted new evidence to the appeals committee. *Id.* The appeals committee sent the new evidence to an independent medical examiner, who opined that the plaintiff could work full-time. *Id.* Based on that new opinion, the appeals committee denied the appeal. *Id.* The plaintiff did not learn of the new opinion until after the appeals committee decided to deny her appeal. *Id.*

The Eighth Circuit held that the plan administrator should have provided the plaintiff access to the new opinion before making a final decision, and that its failure to do so fell short of the "full and fair review" required by ERISA. *See* 29 U.S.C. § 1133(2) (requiring ERISA plans to afford a reasonable opportunity for a "full and fair review" of a denial of a claim for benefits). As the Eighth Circuit explained, ERISA calls for a "meaningful dialogue between the plan administrators and their beneficiaries." *Abram*, 395 F.3d at 886 (citation and quotations omitted).

The Court agrees with Judge Graham that this case is controlled by *Abram*. MetLife tries to avoid *Abram* on several grounds, only one of which merits comment: MetLife argues that, had Lammers read his Plan documentation carefully, he would have learned that MetLife would be consulting with new medical experts during the appeal process and that he had the right to request copies of any reports provided by these new medical experts. Thus, MetLife argues, unlike *Abram* — in which the claimant did not even learn that the plan administrator had sought a new medical opinion until after the appeal was denied — Lammers knew that MetLife would

---

R&R, with the modification that Lammers's motion will be granted in part and denied without prejudice in part, and MetLife's motion will be denied without prejudice.

seek new medical opinions on appeal and knew that he had the right to ask for copies of those opinions.

The problem with this argument is that *Abram* was concerned not only about the claimant being *notified* of all medical opinions on which the plan administrator relies. After all, the claimant in *Abram* eventually was given the medical opinion that the plan administrator had solicited on appeal. Rather, *Abram* was concerned that the claimant have access to all medical opinions on which the plan administrator relies *and* a meaningful opportunity to *respond* to those opinions. The *Abram* court described its holding as follows: "We conclude that the Plan should have permitted Abram to *respond* to Dr. Gedan's second report . . . ." *Id.* at 885 (emphasis added). The court emphasized that "full and fair review" necessitates not merely "'knowing what evidence the decision-maker relied upon,'" but also "'having an opportunity to address the accuracy and reliability of that evidence[.]'" *Id.* at 886 (quoting *Grossmuller v. Int'l Union, UAW*, 715 F.2d 853, 858 n.5 (3d Cir. 1983)).

MetLife points out that, had Lammers read the plan documentation carefully, he would have understood that he had the right to request a copy of the new medical opinions that MetLife would solicit on appeal. This, however, seems to fall short of what the *Abram* court had in mind. Lammers filed his appeal on April 4, 2005; the two doctors' reports were sent to MetLife on April 15, 2005; and MetLife denied the appeal on May 2, 2005 — less than a month after it was filed, and about two weeks after MetLife received the doctors' reports. MetLife gives no indication of *when* it would have provided a copy of the new medical opinions (had Lammers requested them), nor does it indicate whether or how Lammers would have had an opportunity to

respond to them, nor does it provide any reason for concluding that Lammers knew that he would have the right to respond to them.

*Abram* is a relatively recent opinion, and its precise scope is far from clear.  But *Abram* seems to require that, if the plan administrator solicits a medical opinion at any time during the proceedings — including during an appeal — the claimant must be informed of that medical opinion and given a meaningful opportunity to respond to it before the final decision is reached.  In this case, although Lammers may have known that MetLife would solicit medical opinions on appeal — and although Lammers may have known that he had the right to request copies of those opinions — there is no indication that Lammers would have been given a meaningful opportunity to respond to those opinions.   In light of the uncertain scope of *Abram*, and in light of the uncertain scope of Lammers's rights in this case, the Court agrees with Judge Graham that the best course of action is to remand to permit Lammers to respond to the new reports.

To be clear:  The Court does not understand *Abram* to require that Lammers be given an opportunity to submit new medical evidence in response to the new reports.  If claimants had such a right, the result would be an endless cycle in which each new medical opinion solicited by the plan administrator would be met by new medical evidence submitted by the claimant that would have to be the subject of yet another medical opinion solicited by the plan administrator that would then be met by yet more medical evidence submitted by the claimant.  The plan administrator must be able to close the evidentiary record at some point; the Court agrees with MetLife that a claimant cannot "unduly delay the decision-making process" by "continuously submitting new medical evidence after the appeal period has closed[.]"  MetLife Obj. at 4.  Thus, although Lammers must be given an opportunity to respond to what Dr. Johnson and Dr.

Rothberg said about the medical evidence already in the administrative record, *Abram* does not give Lammers the right to respond with new medical evidence.

With respect to Lammers's objection, an award of either interim benefits or attorney's fees at this time would be premature.  Unlike the cases Lammers cites — cases in which the plaintiffs either prevailed on the merits, *see, e.g.*, *Donaho v. FMC Corp.*, 74 F.3d 894, 900-02 (8th Cir. 1996), *abrogated on other grounds by Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003), or were contesting the termination of benefits to which they had previously been entitled, *see, e.g.*, *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 697-98 (7th Cir. 1992) — Lammers has yet to establish that he is entitled to long-term disability benefits.  Moreover, an award of fees to the prevailing party in an ERISA case is within the Court's discretion.  *See* 29 U.S.C. § 1132(g)(1); *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 971-72 (8th Cir. 2002).  Although Lammers has prevailed on a procedural issue, it is too early for the Court to determine whether it should exercise its discretion to award fees.  The Court will therefore reserve ruling on the issue of attorney's fees until the entry of final judgment.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [Docket No. 41] (except for the minor modification noted in footnote 1).  IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [Docket No. 13] is GRANTED IN PART.

2. This case is REMANDED to defendant MetLife.  On remand, MetLife shall reopen the administrative proceedings to permit plaintiff to respond to MetLife's

       physician reports prepared in response to plaintiff's appeal of the denial of long-term disability benefits.

3.     Plaintiff's motion is DENIED in all other respects, without prejudice to plaintiff's ability to renew his remaining arguments at a later time.

4.     MetLife's motion for summary judgment [Docket No. 10] is DENIED, without prejudice to MetLife's ability to renew its arguments at a later time.


Dated: August 2, 2007                                        s/Patrick J. Schiltz
                                                                            Patrick J. Schiltz
                                                                            United States District Judge